## 62130. DAVIS et al. v. THE STATE.

DEEN, Presiding Judge.

1. The appellants were tried and convicted of burglary and automobile theft. Bentley, an Alabama police officer, testified as he and a fellow officer were eastbound on I-20 that a car and van came toward them on the unfinished portion of the officers' side of the road. Seeing their vehicle approach, the defendants exited the freeway by going the wrong way out on an entrance ramp. The officers pulled the fleeing vehicles over; however, the Ford car escaped. The van with the two defendants was taken into custody.

On the hearing of the subsequent motion to suppress, evidence was offered that tools and automobile accessories were found in the van along with cancelled checks and other documents leading to the owners of the stolen vehicle. The officer testified that he and his fellow officer had received permission from one of the defendants to

214

search the van but had left the consent card at their office in the Heflin, Alabama City Hall. He did not remember which defendant had signed it. The correctness of overruling the motion to suppress rests on this testimony. There was no objection on the ground that the written card would be the best evidence. The issue of credibility was for the court, who chose to believe the officer's testimony. Accordingly, the motion to suppress was properly denied. See *Jones v. State,* 154 Ga. App. 21 (267 SE2d 323) (1980).

2. Code § 38-1205 (a) provides against self incrimination or testimony tending to bring infamy, disgrace or public contempt on a member of one's family. The defendants contend that they are related and that the various statements attributed to each of them violates this statutory provision as to the other. It is not denied that proper Miranda warnings were given and that no objection was made to any *testimony* attempted to be obtained from either of the defendants. Obviously, voluntary admissions and confessions in criminal cases which are extrajudicial in character are not to be excluded on the ground that they incriminate the defendant or members of his family. The objection is totally without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 17, 1981 —
REHEARING DENIED JULY 9, 1981 —

*George C. Rosenzweig,* for appellants.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.